[No. 12444.    Department Two.    April 20, 1915.]

COMMERCIAL BINDERY & PRINTING COMPANY, *Appellant*, v.
TACOMA TYPOGRAPHICAL UNION No. 170 *et al.*,
*Respondents.*[1]

INJUNCTION—PROTECTION OF PERSONAL RIGHTS—STRIKES—INTER-
FERENCE WITH EMPLOYEES. In an action for injunctive relief against
a printer's union to prevent interference with plaintiff's employees,
who had taken the place of striking employees, a permanent in-
junction after a trial on the merits is properly denied, where the
strike leader, who was inciting the strikers to acts of intimidation
and was himself guilty of assault, had left the state and thereafter
there had been no acts of violence and intimidation, for a period
prior to suit and up to the trial, and there was no showing in the
evidence of any reasonable probability of further interference.

INJUNCTION — PROTECTION OF PERSONAL RIGHTS — INTERFERENCE
WITH EMPLOYEES. The destruction of one's business through the
intimidation of employees while in their employment is as much the
subject of injunctive relief as is the destruction of physical prop-
erty.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered June 30, 1914, dismissing an
action for injunctive relief, after a trial on the merits to the
court.    Affirmed.

*A. O. Burmeister* and *Blackburn & Gielens,* for appellant.

*Thomas J. Wayne* and *Teats, Teats & Teats,* for respond-
ents.

MAIN, J.—The purpose of this action was to secure in-
junctive relief.    After a trial upon the merits, the prayer
of the complaint for a permanent injunction was not granted,
and the action was dismissed.    The plaintiff appeals.

The facts are substantially as follows: During the first
two weeks of the month of December, 1913, the employees
of the appellant refused to continue that employment because
of disagreement over the wage scale to be paid.    At about the

[1]Reported in 147 Pac. 1143.

same time, the employees of a number of other printing establishments in the city of Tacoma refused to work for the same reason. After the employees of the appellant company had gone on the strike, it secured other employees who entered its service. The striking employees were all members of the Tacoma Typographical Union No. 170. After the strike had been declared, one Charles S. Brown was sent from Cincinnati, Ohio, by the executive council of the International Typographical Union, to Tacoma, for the purpose of taking charge of the strike. After Brown reached Tacoma, he had a number of conferences with the manager of the appellant company looking towards an adjustment of the difficulty, Brown seeking to induce the employers to accede to the wage scale demanded by their former employees when they refused longer to work. The employers were refusing to meet the scale demanded. On or about April 1, 1914, Brown told the manager of the appellant company that unless their demands were acceded to, the company would not be able to stand the pressure that would be brought to bear upon it "in the way of rough stuff."

Soon after this date, at about 5 o'clock in the afternoon, under the direction of Brown, the striking employees and others would assemble at the entrance of the appellant's place of business, and wait until the nonunion men then employed would come out upon the street after their day's work had ceased. When these employees would come out, those who were then out upon the strike from the various printing establishments would surround them as they walked along the sidewalk, seek to jostle them, and to engage them in conversation. According to the evidence introduced on the appellant's behalf, the nonunion employees were threatened and called vile names. This condition of affairs continued practically daily until about the 15th of May, 1914. On the evening or night of the 14th of May, one Jones, a nonunion employee of the appellant company, was assaulted by some one, the evidence does not show by whom. On the 15th, or

the day after the assault, Jones caused Brown to be arrested upon the charge of assault. Brown gave a bond for his appearance, and thereafter left the state, forfeiting his bond. The complaint in the present action was filed on the 20th day of May, 1914, and a temporary restraining order was issued on the following day. This order was issued without notice. After the temporary restraining order was served, a number of the defendants answered. On June 21, in response to the show-cause order which was contained in the restraining order, the defendants appeared in court. Thereupon the cause was tried on its merits, and resulted in a judgment of dismissal.

The principal question is whether the trial court erred in refusing to grant a permanent injunction after the trial upon the merits. Brown, under whose direction the strike was conducted, had departed from the state prior to the time when the present action was instituted. Throughout the testimony, constant reference is made to his conduct while in charge of the strike. No complaint is made as to the conduct of the striking employees prior to the time Brown came to Tacoma. The evidence does not show that the acts above detailed occurring prior to May 15th, were continued after that date, that being the time of Brown's arrest upon the charge of assaulting Jones. The acts complained of being directly under the charge and direction of Brown, and not having existed before he came to take charge of the situation, nor after he departed from the state, there does not appear from the evidence any reasonable probability of further interference. If the acts complained of had continued up to the time of the institution of the present suit, or, if at the time of the trial there had been any reasonable probability that the same conduct would be continued, an entirely different question would be presented. To destroy a business is not different from the destruction of physical property. If employees may be intimidated while in their employment, the business of the employer may be destroyed. It is as much the

duty of the court to restrain conduct which will have the effect of destroying the business as it is to prevent the destruction of physical property.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, CROW, and FULLERTON, JJ., concur.